IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK TRUJILLO,

    Petitioner,

vs.                                                                                              No. CIV 20-0359 JB/SMV

STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on (i) the Petitioner Mark Trujillo's failure to prosecute his Defendents [sic] Motion to Reconsider Pre-trial Detention, filed April 20, 2020 (Doc. 1)("Motion to Reconsider"); and (ii) Trujillo's failure to prosecute his Motion to Dismiss, filed April 30, 2020 (Doc. 3).  On April 7, 2022, The Honorable Stephan Vidmar, United States Magistrate Judge for the United States District Court for the District of New Mexico, directed Trujillo to provide an updated address after he severed contact with the Court.  See Order to Show Cause, filed April 7, 2022 (Doc. 6)("OSC").  Because Trujillo failed to respond, and having reviewed applicable law and the record, the Court will dismiss this matter without prejudice.

## PROCEDURAL BACKGROUND

Trujillo commenced this case on April 20, 2022, by filing the Motion to Reconsider.  See Motion to Reconsider at 1.  He asks the Court to release him from State custody after the County of Curry, Ninth Judicial District Court, State of New Mexico, ordered him to remain in custody pending trial.  See Motion to Reconsider at 1.  Ten days after he filed the Motion to Reconsider, Trujillo filed the Motion to Dismiss.  See Motion to Dismiss at 1.  In that pleading, Trujillo asks the Court to dismiss his State criminal charges with prejudice.  See Motion to Dismiss at 1.  The

Court referred the matter to Magistrate Judge Vidmar for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, entered March 21, 2020 (Doc. 2).

At the time of filing, Trujillo was incarcerated at the Curry County Detention Center in Clovis, New Mexico.  See Motion to Reconsider at 8.  The Curry County Detention Center inmate locator website reflects that Trujillo is no longer in custody, and he did not advise the Court of his new address, as D.N.M. LR-Civ. 83.6 requires.  See http://lookup.curryjail.com:8282/. D.N.M. LR-Civ. 83.6 provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses."  D.N.M. LR-Civ. 83.6.  In the OSC, Magistrate Judge Vidmar directs Trujillo to notify the Clerk of his new address by May 9, 2022.  See OSC at 1.  The OSC warns that the "failure to timely comply will result in dismissal of this matter without further notice."  OSC at 1.

Trujillo did not provide an updated address by the May 9, 2022, deadline or otherwise respond to the OSC.  The United States Postal Service returned the OSC as undeliverable with the notation: "Addressee Not Here."  Returned Envelope, entered April 18, 2022 (Doc. 7).  The Court therefore will consider whether to dismiss this matter for lack of prosecution, and for failure to comply with rules and orders.

## **ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion

to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)).  As the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d at 1162.  Those criteria include: (i) the degree of actual prejudice to the defendant; (ii) the amount of interference with the judicial process; (iii) the culpability of the litigant; (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (v) the efficacy of lesser sanctions.  See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr., 492 F.3d at 1162.

Here, Trujillo is no longer in custody at his address of record, and he has not provided the

Court with an updated address. In light of this failure, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See <u>Olsen v. Mapes</u>, 333 F.3d 1199 at 1204; Fed. R. Civ. P. 41(b). The dismissal will be without prejudice, after considering the factors in <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.</u>

    **IT IS ORDERED** that: (i) the Defendents [sic] Motion to Reconsider Pre-trial Detention, filed April 20, 2020 (Doc. 1), is dismissed without prejudice; (ii) the "Motion to Dismiss," filed April 30, 2020 (Doc. 3), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

                              _____
                              UNITED STATES DISTRICT JUDGE

*Parties:*

Mark Trujillo
Clovis, New Mexico

    *Petitioner pro se*